UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHELLE ROSENFELD and
HERBERT ROSENFELD,

        07 CV 3347 (DC)

      Plaintiffs,

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

  -against-

EDEN FARMS, JAMES GASTON, GAST
HOUSE LLC. and 200 EAST 75TH STREET
REALTY,

      Defendants.
------------------------------------------------------------------X

  Defendants, JAMES GASTON and GAST HOUSE, LLC, by and through their attorneys, KAUFMAN BORGEEST & RYAN LLP as and for their Answer to plaintiff's Amended Complaint, state and allege upon information and belief:

### JURISDICTION

  1. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated as "1".

  2. Denies in the form alleged each and every allegation contained in the paragraph of the Complaint designated as "2" except admits that defendant GAST HOUSE, LLC is a New York limited liability company and begs leave to refer all questions of law to the Court and all questions of fact to the jury.

  3. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated as "3".

## STATEMENT OF CLAIM

1. Denies in the form alleged each and every allegation contained in the paragraph of the Complaint designated as "1" except admits that on July 20, 2006 defendant GAST HOUSE, LLC owned and managed the building located at 1303-1305 Third Avenue, New York, New York.

2. Denies in the form alleged each and every allegation contained in paragraph of the Complaint designated as "2" and begs leave to refer all questions of law to the Court.

3. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated as "3" except admits that on July 20, 2006 Eden Farms was a tenant of aforementioned premises and begs leave to refer all questions of law to the Court.

4. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Complaint designated as "4".

5. Deny each and every allegation contained in the paragraph of the Complaint designated as "5."

6. Deny each and every allegation contained in the paragraph of the Complaint designated as "6."

7. Deny each and every allegation contained in the paragraph of the Complaint designated as "7."

8. Deny each and every allegation contained in the paragraph of the Complaint designated as "8."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.      Defendants, JAMES GASTON and GAST HOUSE, LLC, assert all rights pursuant to CPLR §1600 et seq.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.  Upon information and belief, whatever damages plaintiff may have sustained at the time and place mentioned in the complaint were caused in whole or in part by the culpable conduct of plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.      Defendants expressly preserve all jurisdictional objections including subject matter jurisdiction.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.      Upon information and belief, that injuries and damages alleged were caused by the culpable conduct of some other person or persons over whom answering the defendants neither had nor exercised control.

## DEMAND FOR JURY TRIAL

5.      Defendant, JAMES GASTON and GAST HOUSE, LLC, hereby demands a jury trial.

## AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANTS EDEN FARMS, HYS MARKET CORP. and JOWNY MARKET CORP.

1.      If plaintiff sustained damages in the manner alleged in the Complaint, and such damages are found to have been caused solely by reason of the negligence, breach of contact, obligation or warranty of the co-defendant Eden Farms, then the answering defendants, JAMES GASTON and GAST HOUSE, LLC, are entitled to common-law and/or contractual

indemnification from, and to have judgment over and against the co-defendants for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

2.  If plaintiff sustained damages in the manner alleged in the Complaint, and such damages are found to have been caused partly by reason of the negligence, breach of contact, obligation or warranty of the co-defendant Eden Farms, then the answering defendants, JAMES GASTON and GAST HOUSE, LLC, are entitled to contribution from, and to have judgment over and against the co-defendants Eden Farms, HYS Market Corp. and Jowny Market Corp. for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

**WHEREFORE**, defendants, **JAMES GASTON and GAST HOUSE, LLC**, demand judgment dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated:  New York, New York
        August 4, 2008

                                    Yours, etc.,

                                    KAUFMAN BORGEEST & RYAN LLP

                                    _____
                                    By: Rocco P. Matra [RPM-7630]
                                    Attorneys for Defendants
                                    JAMES GASTON and
                                    GASTON HOUSE, LLC
                                    120 Broadway, 14th Floor
                                    New York, New York 10271
                                    (212) 980-9600


TO:  BAKER, PEDERSEN & ROBBINS
     Attorneys for Plaintiffs
     1 Newark Street
     Hoboken, N.J. 07030
     (201) 659-2635
     Attn:  Gerald H. Baker [GHB1914]